**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZELHIDETH MONTAÑO LINARES,<br><br>*Plaintiff*,<br><br>v.<br><br>JOSE LUIS HERRERA VIRGUEZ,<br><br>*Defendants*. | Civil Action No. _____<br><br>**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, Zelhideth Montaño Linares ("Plaintiff" or "Ms. Montaño"), by and through her undersigned counsel, Ross Pitcoff Law and Boyer Law Firm, P.L., brings this complaint ("Complaint"), asserting and seeking declaratory judgment against Defendant, Jose Luis Herrera Herrera ("Defendant" or "Mr. Herrera"), and alleges on knowledge as to herself and otherwise on information and belief, as follows:

### I.   PRELIMINARY STATEMENT

1. This action arises out of the egregious and duplicitous conduct of Defendant, who, in contumacious disregard of Plaintiff's rights, has filed a total of **forty-one (41) specious lawsuits** against Plaintiff in his home country of Venezuela as part of an illicit process to harass, punish and otherwise ensure that Plaintiff is unable to live separate and apart from Defendant Virgeuz' terrorism.

2. Mr. Virgeuz, who is, upon information and belief, a known comrade of, and prominent figure within, what the U.S. Department of State defines as the "illegitimate regime" of Venezuelan President Nicolas Maduro, has made every effort to torture his ex-wife through illicit filings concerning what was once allegedly the Parties' marital property. Mr. Virgeuz' has done so despite his own admission in the annexed Venezuelan Pleadings

1

(attached as "**EXHIBIT A**") that his alleged common law marriage to Plaintiff ended in August of 2016, and **despite Defendant Herrera's signature on a "Mediated Settlement Agreement and Mutual Release" filed before this very court and So Ordered on or about February 22, 2019.**

3. The terms of the So Ordered Settlement Agreement, which contain an abundantly conclusive full and final release of all claims between the Parties, make it clear that Mr. Herrera fully and finally resolved all claims related to Ms. Montaño (whether his alleged his ex-wife or not), including those stemming from real and/or personal property once allegedly jointly owned between them, at the time of the signing of the Agreement, and that this Court retains jurisdiction for any dispute related to the subject matter of the Mediated Settlement Agreement.

4. This action is necessary to immediately terminate and begin repairing the damages arising from Defendant's shocking, egregious, and malicious exploits against Plaintiff. Defendant has blatantly ignored, and acted in complete and utter disregard of, the Order of this very Court. Mr. Virgeuz has sought to use the legal system of a corrupt and malevolent foreign power to abuse, torture, and torment Ms. Montaño, alleging that she is his former common law spouse. Apparently unable to resist the siren song of abuse of power or the ease with which he can utilize the judiciary to abuse the mother of his children, Defendant has filed no less than *41* illegitimate, costly, and burdensome actions against Plaintiff.

5. The facts detailed herein explicitly show that Defendant previously entered into a Mediated Settlement Agreement, which was subsequently incorporated into an Order of this Court, that lays waste to the legitimacy of such machinations. Mr. Herrera even went so far as to

specifically acknowledge, via his signed initials, the "Mutual Releases" Provision that he so brazenly defies all over the globe.

6. Plaintiff seeks a clear and final denunciation of the illicit and improper acts of Mr. Herrera currently ongoing in myriad courts. At this point, nothing less than a Declaratory Judgment confirming that all claims which Defendant could have brought against the Plaintiff prior to the date of the Mediated Settlement Agreement are strictly prohibited from prosecution, could curtail the reign of terror Defendant has commenced against his former wife.

## II. NATURE OF THE ACTION

7. Pursuant to 28 U.S.C. Sections 2201-02, Plaintiff respectfully seeks declaratory relief to declare that any action brought by Defendant against Plaintiff for any action, in any court, arising from any issue not related to their shared minor children be improper and any ensuing judgment or award be invalid and unenforceable.

8. This action is ripe for declaratory judgment, as there now exists an actual controversy capable of immediate relief under federal law between the parties.

## III. JURISDICTION

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. Sections 2201(a) and 2202.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Parties are of diverse citizenship and the amount in question exceeds $75,000.00, exclusive of interest and costs.

6. Defendant is subject to personal jurisdiction in this District. United States District Court for the Southern District of New York reserved jurisdiction as it relates to the underlying

Mediated Settlement Agreement and "Mutual Releases" at issue via Order of this Court dated February 22, 2019, in Case No. 18-CV-606-RA.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2)(3) and (c)(3) as this Court retained appropriate jurisdiction and Mr. Herrera is not resident in the United States.

## IV.     PARTIES

8. Plaintiff Zelhideth Montaño Linares is a natural person and citizen of Florida.

9. Defendant Jose Luis Herrera Virguez is a natural person and citizen of Venezuela.

## V.     FACTUAL ALLEGATIONS

10. Plaintiff and Defendant (the "Parties") engaged in a romantic cohabitation relationship from 2009 until 2016, while residing in Venezuela.

11. The Parties have two minor children, neither of whom are at issue in this action.

12. On February 21, 2019, the parties entered into a "Mediated Settlement Agreement" (the "Agreement") (attached as **EXHIBIT B**) with the "desire to resolve all disputes between them."

13. On February 22, 2019, a fully executed copy of the Agreement was filed with this Court and incorporated into Interpleader Action, Case No. 18-CV-606-RA, resolving all claims and reserving jurisdiction in the U.S. District Court, Southern District of New York.

14. The Agreement contains a "Mutual Releases" provision which:

> "completely release[s] and forever discharge[s] each other and each other's past, present or future affiliates, shareholders, parents or subsidiaries, representatives, attorneys in fact, employees, officers, directors, agents, and any entity bearing a legal relationship as predecessor or successor in interest, of and from any and all claims, actions, causes of action, demands, attorneys' fees, benefits, rights, damages, claims for punitive damages, claims of bad faith, claims for compensatory damages, costs, interest, expenses, attorneys' fees and compensation whatsoever, whether arising in law, equity, admiralty and/or

otherwise, which each [Party] ever had, now has, **or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Mutual General Release** [*emphasis added*]"

*See* **EXHIBIT B**, Section 4, "Mutual Releases."

15. Upon information and belief, Mr. Herrera regarded the Mutual Releases provision of the Agreement as especially important language. As evident on the version of the Agreement filed in this Court, the Defendant took the additional, clear step of signing his initials next to the Agreement at Page 4, Section 4 ("Mutual Releases") (*see* **EXHIBIT B**).

16. The Agreement resolved Case No. 18-CV-606-RA and the remaining or outstanding issues *as well as any other claims between the Parties* "[i]n consideration of the Mutual Releases contained [the]rein" (*see* **EXHIBIT B**).

17. Prior to, and since entry of the Agreement, the parties have lived separate and apart, maintaining separate households in separate property.

18. Despite the plain language of the Agreement and its Mutual Releases provision, Mr. Herrera is subjecting Ms. Montaño to a seemingly endless campaign of improper, lawsuits in the courts of Venezuela.

19. To date, Defendant has brought over 41 lawsuits (the "lawsuits") against Plaintiff in the less than 40 months since effectuation of the Agreement.

20. Since entry of the Agreement, the United States government has tightened existing sanctions and issued a series of additional sanctions, including embargos, against Venezuela and disputed President, Nicolás Maduro Moros.

21. Upon information and belief, Mr. Herrera holds a position of prominence and power in the controversial and corrupt government of Venezuela.

22. Upon information and belief, Mr. Herrera wields undue power and influence over the outcome of any case in Venezuelan court.

23. Upon information and belief, Defendant is attempting to unravel several of Plaintiff's transactions for the sale of real property in Venezuela. If these actions are successful, Ms. Montaño would lose her right and claim to already-settled real and tangible property in an action clearly barred by the Mutual Releases provision of the Agreement. *See* **EXHIBIT B**.

24. Plaintiff fears for her proper claim to and possession of property and accounts in the United States and abroad, which were clearly and definitively divided and settled in the Agreement and resolution of Case No. 18-CV-606-RA.

25. Defendant's lawsuits against Plaintiff have threatened her real property, tangible property, business relationships, and, frankly, personal safety.

26. Plaintiff seeks assistance from this Court in protecting her proper claim and right to property in Venezuela and elsewhere, where Defendant continues to file frivolous, burdensome, and improper suits against her, her family, and her businesses.

27. Given this Court's properly retained jurisdiction, Defendant's actions and suits are in direct defiance of this Court's decision, as incorporated in the Mediated Settlement Agreement.

28. Plaintiff seeks this Court's intervention and assistance in protecting her full and lawful right to settled property.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff as follows:

(a) A declaratory judgment that Defendant is barred from bringing claims against Plaintiff's real property, tangible property, or any matter between the two that is not directly related to their minor children.

(b) A declaratory judgment that any pending claim between the two parties that does not involve their minor children be immediately dismissed with prejudice.

(c) A declaratory judgment declaring null and void any award arising from any lawsuit filed "from the beginning of the world" and in perpetuity, as related to disputes between the Parties and regarding any issue other than their minor children.

(d) A declaratory judgment that requires the immediate return of any property, real or tangible, improperly taken from Ms. Montaño as it relates to the improper actions of and repeated violations of the Agreement by Mr. Herrera.

(e) An award of reasonable attorneys' fees and costs.

(f) Such other and further relief as this Court deems just and proper.

Dated: August 25, 2022
New York, NY

Respectfully submitted,

**ROSS PITCOFF LAW**

/s/  Jennifer L. Harrington
Jennifer L. Harrington, Esq.
*Attorneys for Plaintiff*
250 Park Avenue, 7th Floor
New York, NY 10177
Tel: (646) 580-3204
jennifer@rosspitcofflaw.com

**BOYER LAW FIRM**

/s/ Francis M. Boyer
Francis M. Boyer, B.C.S.
*Attorneys for Plaintiff*
Tel: (646) 859-5885
fboyer@boyerlawfirm.com

## VERIFICATION

STATE OF Florida )

COUNTY OF Dade )

Zelhideth Montaño Linares, being duly sworn, deposes and says:

I am the Plaintiff in the instant Action. I have read the foregoing Verified Complaint and I verify that the contents of said document are true to my own knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
ZELHIDETH MONTAÑO LINARES

Sworn to me this 15th day of August 2022

_____
Notary Public

[Notary Seal: ANTONIA JARAMIS, NOTARY PUBLIC, STATE OF FLORIDA, My Comm. Expires February 17, 2025, No. HH 085527]



8