```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ZELHIDETH MONTAÑO LINARES,                                  :
                                                            :
                              Plaintiff,                    :
                                                            :            22-CV-7272 (VSB)
                   -v-                                      :
                                                            :            OPINION & ORDER
                                                            :
JOSE LUIS HERRERA VIRGUEZ,                                  :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

Appearances:

Jennifer L. Harrington
Ross Pitcoff Law
New York, New York
*Counsel for Plaintiff*

VERNON S. BRODERICK, United States District Judge:

On August 25, 2022, Plaintiff Zelhideth Montaño Linares ("Montaño" or "Plaintiff") filed a complaint against Defendant Jose Luis Herrera Virguez ("Herrera" or "Defendent") seeking declaratory judgment. (Doc. 1.) On December 15, 2022, Plaintiff filed the present Motion for Alternative Service. (Doc. 8.) In support of her motion, Plaintiff filed a memorandum of law and affidavit of Karen Adams, an employee of ABC Legal Services, Inc., a process server. (Docs. 9, 9-1.) Plaintiff also filed an affirmation by attorney Ross Pitcoff. (Doc. 10.) Ms. Adams attested to ABC Legal's translation of the court documents and attempts at service upon the Venezuelan Central Authority. (*See id.*) On January 3, 2023, I issued an order requesting additional details related to Plaintiff's motion for alternative service. (Doc. 12.) On January 12, 2023, Plaintiff filed a declaration detailing why the proposed method of alternative

1

service is appropriate.  (Doc. 13.)  For the reasons stated herein, Plaintiff's motion is GRANTED.

### I.    Service Pursuant to Rule 4(e)(1)

Plaintiff claims that I should permit alternative service pursuant to Federal Rule of Civil Procedure 4(e)(1) ("Rule 4(e)(1)") and New York Civil Practice Law and Rules §308(5).  Because Plaintiff is attempting to serve a defendant outside of the United States, Rule 4(e)(1) does not apply since it only applies to individuals who are to "be served in a judicial district of the United States."  *See* Fed. R. Civ. P. 4(e)(1).  Therefore, I do not consider Plaintiff's arguments made pursuant to Rule 4(e)(1) or New York state law.

### II.   Service Pursuant to Rule 4(f)(3)

Plaintiff also presents arguments concerning why alternative service should be permitted under Federal Rule of Civil Procedure 4(f)(3) ("Rule 4(f)(3)").  Rule 4(f)(3) permits service on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  Whether to allow alternative service under Rule 4(f)(3) is "committed to the sound discretion of the district court."  *RSM Prod. Corp. v. Fridman*, No. 06 Civ. 11512(DLC), 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007) (cleaned up).  Although service under Rule 4(f)(3) is not considered a last resort, some courts have required a plaintiff seeking service under Rule 4(f)(3) to have already reasonably attempted to serve the defendant and for court intervention to be necessary.  *See, e.g., Halvorssen v. Simpson*, 328 F.R.D. 30, 34 (E.D.N.Y. 2018); *In GLG Life Tech Corp. Sec. Litig*., 287 F.R.D. 262, 265 (S.D.N.Y. 2012); *Devi v. Rajapaska*, No. 11 CIV. 6634 NRB, 2012 WL 309605, at *2 (S.D.N.Y. Jan. 31, 2012).  Here, Defendant is located in a foreign country, Venezuela.  (Doc. 9, at 2.)  Plaintiff hired ABC Legal Services to effectuate service on the Defendant in a manner consistent

with the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, (1969) 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Convention" or the "Convention").  (*See* Doc. 9-1.)  On October 11, 2022, ABC Legal Services dispatched the legal documents and a Spanish translation using DHL to the Central Authority in Venezuela.  (*Id.*, at 2.)  On November 2, 2022, ABC was notified that the package was not accepted by the Central Authority.  (*Id.*)  In her declaration, Karen Adams, an employee of ABC Legal Services, explained that they have not been able to successfully have packages delivered to the Venezuelan Central Authority in the past three years.  (*Id.*, at 3.)  I find that Plaintiff's attempted service is sufficient to show that Court intervention is necessary.

Venezuela objects to Article 10 of the Hague Convention which authorizes service by postal channels.  Hague Convention art. 10(a).  Courts in this circuit are divided as to whether service by postal channels under the Hague Convention encompasses service by email.  *Compare AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14–cv–9913, 2015 WL 3457452, at * 7 (S.D.N.Y. June 1, 2015) (Although Russia has objected to Article 10 of the Hague Convention "the Court concludes that, as a general matter, service via email for a defendant residing in Russia may qualify as an alternative means of service under Rule 4(f)(3)." (collecting cases)) *and F.T.C. v. Pecon Software Ltd.,* No. 12 CIV. 7186 PAE, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) ("service by means of email . . . is not prohibited by international agreement") *with Smart Study Co. v. Acuteye-Us,* No. 21-CV-5860-GHW, 2022 WL 2872297 (S.D.N.Y. July 21, 2022) (denying request to serve Chinese defendant by email because China objected to service by mail under Article 10).

I find the circumstances in *Smart Study* to be sufficiently distinct so as not to preclude alternative service in this case.  Unlike in *Smart Study*, where Plaintiff indisputably did not send

3

the relevant documents to China's Central Authority or in any other way comply with the Hague Convention, *see Smart Study Co. v. Acuteye-Us*, No. 1:21-CV-5860-GHW, 2022 WL 2872297 *14 (S.D.N.Y. July 21, 2022), here Plaintiff made a reasonable effort to serve the defendant through Venezuela's Central Authority as provided by the Hague Convention, (*see* Doc 9-1). The Venezuelan Central Authority did not decline to complete service in light of sovereignty or security concerns under Article Thirteen of the Hague Convention. Rather, it simply refused to accept the package. In addition, ABC Legal Services, has not been able to successfully have packages delivered to the Venezuelan Central Authority in the past three years. (Doc. 9-1, at 3.) In similar cases, where compliance with the Hague Convention's approved means of service would be futile, courts have allowed alternative means of service. *See Goldfarb v. Channel One Russia*, No. 18-CV-8128 (RJS), 2018 WL 11225240, at *1 (S.D.N.Y. Oct. 19, 2018) (allowing alternative service because "Russia refuses to transmit service requests through its Central Authority." (cleaned up)); *Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*, 2013 WL 1644808 at *1 (W.D. Pa. April 16, 2013) (granting plaintiff's motion for alternative service where defendants in Russia could not be served through the channels of the Hague Convention). To hold otherwise would leave Plaintiff with no recourse. *See Live Brands Holdings, LLC v. Gastronomico Gracias a Dios,* No. 20 CIV. 1213 (JPC), 2021 WL 6064202, at *1 (S.D.N.Y. Dec. 21, 2021) (allowing alternative service through means not included in the Hague Convention after Plaintiff "reasonably attempted to serve Defendants through other means"); *Arista Recs. LLC v. Media Servs. LLC*, No. 06 CIV. 15319NRB, 2008 WL 563470, at *2 (S.D.N.Y. Feb. 25, 2008) ("Because there is no reason to believe that service would be effective if plaintiffs were required to serve [Defendant] in accordance with the Hague Service Convention procedures, substituted service pursuant to Rule 4(f)(3) is appropriate.").

Accordingly, I find that Plaintiff may serve Defendant through alternative means.

### III. Due Process

When effectuating service under alternative means, the method selected must satisfy constitutional requirements of due process, which requires "notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Petrobras Secs. Litig.*, No. 14-CV-9662 (JSR), 2015 WL 10846515, at *1 (S.D.N.Y. Nov. 2, 2015) (cleaned up).  It is well-settled that service of foreign defendants by email can satisfy due process. *See AMTO, LLC*, 2015 WL 3457452, at * 7 ("the Court concludes that, as a general matter, service via email for a defendant residing in Russia may qualify as an alternative means of service under Rule 4(f)(3)"); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 GBD, 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007)  ("federal courts have approved email service of process as an appropriate means under Rule 4 in proper circumstances."); *PCCare247 Inc.*, 2013 WL 841037, at *4 (granting service by email and Facebook on a defendant in India).

Plaintiff has already attempted service under the Hague Convention and for reasons outside of their control, are unable to effectuate service. (*See* Doc. 9-1.)  Plaintiff is the Defendant's former common law wife and as such, would be reasonably expected to have knowledge of his email address. (Doc. 10.)  Plaintiff also provides support that this email address is accurate and has been regularly and recently used by Defendant.  In Plaintiff's declaration, she explains that Defendant has filed numerous actions against her in Venezuelan courts and Defendant has filed his email address in connection with those actions. (*Id.,* at 2.) Attached as an exhibit to Plaintiff's Complaint is a translation of the May 2022 Venezuelan complaint filed by Defendant, which includes the proposed email address of

5

"herrerajotaele@hotmail.com." (Doc. 1-1, at 3.) Plaintiff also explained that her Venezuelan attorney communicates directly with Defendant using this email address. (Doc. 13, at 2.) In support of this claim, Plaintiff attaches a January 10, 2023, email communication received by Plaintiff's counsel from the Defendant at this email address. (*See* Doc. 13-1.)

Plaintiff also explains why other methods of alternative service are unlikely to provide Defendant with notice of the action. Defendant is restricted from speaking with Plaintiff and as a result, she is not connected to Defendant on any social media outlets and is not confident that she has his most current cellphone number. (Doc. 13, at 2.) She is also concerned that newspapers in Venezuela would not properly effectuate service by publication, which would disadvantage Defendant. (*Id.*) Given these facts, service by email is reasonably calculated to provide the defendant with notice of this action and is the means most likely to provide Defendant notice of this case. Accordingly, I find that service of defendant by email comports with due process.

### IV.    Conclusion

For the reasons stated herein, Plaintiff's motion to serve by alternate means is GRANTED. Plaintiff may serve Defendant Jose Luis Herrera Virguez by email at herrerajotaele@hotmail.com. The Clerk's Office is respectfully directed to terminate the open motions at Docs. 8 and 9.

SO ORDERED.

Dated:    March 27, 2023
          New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge