UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                        :
ZELHIDETH MONTANO LINARES,          :

                             Plaintiff,       :
                                                  :         22-CV-7272 (VSB)
                - against -             :
                                                  :        **OPINION & ORDER**
                                                  :
JOSE LUIS HERRERA VIRGUEZ.           :

                             Defendant.   :
------------------------------------------------------------X

Appearances:

Jennifer Lynn Harrington
Ross Pitcoff Law
New York, NY
*Counsel for Plaintiff*

Dennis Grossman
Law Office of Dennis Grossman
Great Neck, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Before me is a motion to dismiss filed by Jose Luis Herrera Virguez ("Defendant" or "Herrera"). (Doc. 17.) Because the complaint does not state a claim upon which relief may be granted, Defendant's motion to dismiss is GRANTED; however, Plaintiff is granted leave to amend.

I.      **Factual Background**[1]

      From 2009 until 2016, Plaintiff Zelhideth Montano Linares ("Plaintiff" or "Linares") and

---

[1] The facts contained in this section are based upon the factual allegations set forth in the complaint filed by plaintiff Zelhideth Montano Linares ("Plaintiff" or "Montano"). (Doc. 1.) I assume the allegations in the complaint to be true in considering the motions to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). *Kassner v.*

Defendant were romantically involved and cohabitated in Venezuela. (Doc. 1 ¶ 10.) They have two minor children together. (*Id.* ¶ 11.) Plaintiff and Defendant previously appeared as defendants before Judge Ronnie Abrams in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Virguez et al.*, No. 18-cv-606-RA (S.D.N.Y. April 4, 2019) ("*Merrill Lynch*"). The plaintiff in *Merrill Lynch* "brought the case as an action for interpleader to determine the proper ownership of, distribution of, and Interpleader Defendants' respective entitlement to assets held by Merrill Lynch" in three accounts. (Doc. 1-2 at 3, the "Settlement Agreement.")

Linares and Herrera, as the interpleader defendants in *Merrill Lynch*, dismissed their claims against one another by executing the Settlement Agreement on February 21, 2019. (*Id.*) In the Settlement Agreement, they agreed how to distribute funds at issue in *Merrill Lynch*. (*Id.* 4–5.) The parties stipulated that the Court would retain jurisdiction to enforce the agreement and that any suit to enforce the agreement would be brought in the United States District Court for the Southern District of New York. (*Id.* 2.) The parties also agreed to a mutual release which provides that they release one another from "any and all claims . . . which each Interpleader Defendant ever has, now has, or hereafter can, shall or may have, for, upon or by reason of any matter . . . from the beginning of the world to the date of this Mutual General Release . . . except . . . any claims . . . concerning child support, child visitation and/or child custody." (*Id.* 6.)

Since entering into the Settlement Agreement, Defendant has filed a total of forty-one lawsuits against Plaintiff in Venezuela (the "Venezuelan Lawsuits"). (Doc. 1 ¶ 1.) In these actions, Defendant attempts to "unravel several of Plaintiff's transactions for the sale of real property in Venezuela." (*Id.* 23.) Plaintiff asserts that these actions are in direct defiance of the

---

*2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My reference to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

2

Settlement Agreement.  (*Id.*)

## II. Procedural History

Plaintiff initiated this action by filing a complaint on August 25, 2022.  (Doc. 1, the "Complaint.")  On December 15, 2022, Plaintiff filed a motion for leave to serve Defendant by publication and email.  (Doc. 8.)  On January 3, 2023, I requested that Plaintiff file a declaration providing additional information, (Doc. 12), which Plaintiff filed on January 12, 2023, (Doc. 12).  On March 27, 2023, I entered an Opinion & Order granting Plaintiff's motion to serve by alternate means.  (Doc. 15.)  On April 4, 2023, Plaintiff filed an affidavit of service of summons and the Complaint.  (Doc. 16.)  On April 18, 2023, Defendant filed a motion to dismiss for lack of jurisdiction and failure to state a claim.  (Doc. 17.)  Defendant submitted a declaration, (Doc. 18), and a memorandum of law, (Doc. 19), in support of his motion to dismiss.  On May 9, 2023, Plaintiff filed an opposition to the motion to dismiss.  (Doc. 20.)  On May 16, 2023, Defendant filed a reply memorandum of law in support of his motion.  (Doc. 21.)

## III. Legal Standard

### A. *Rule 12(b)(1)*

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation marks omitted.)  "A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule [of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1))

"For diversity jurisdiction to exist, there must be 'complete diversity' of citizenship

between the plaintiff and the defendants, and the amount in controversy must exceed $75,000." *Freeman v. Stake.com*, No. 22-CV-7002 (RA), 2023 WL 4187574, at *3 (S.D.N.Y. June 26, 2023). Courts have "an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). It is the plaintiff's burden to establish subject matter jurisdiction. *See Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010).

### B.   *Rule 12(b)(2)*

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). A plaintiff opposing a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), "bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). Plaintiff's averments "'must be taken as true to the extent they are uncontroverted by the defendant's'" submissions. *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (quoting *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993)). If the parties present conflicting affidavits, however, "all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Seetransport Wiking*, 989 F.2d at 580 (internal quotation marks omitted).

### C. Rule 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). In a discrimination case, "[t]he facts required by *Iqbal* to be alleged in the complaint . . . need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (internal quotation marks omitted).

**IV.** **Discussion**

    **A.** *Subject Matter Jurisdiction*

Although Defendant is correct that Plaintiff has not established diversity jurisdiction, subject matter jurisdiction still exists.  The Complaint incorrectly states that Plaintiff is a citizen of Florida.  (Doc. 1 ¶ 8.)  Plaintiff is a citizen of Venezuela and resides in Florida on a US-issued visa.  (Doc. 20 at 1–2.)  "[A] foreign citizen who resides in, and is a permanent resident of, the United States is an alien for the purposes of diversity jurisdiction."  *Suedrohrbau Saudi Co. v. Bazzi*, No. 21-2307-CV, 2023 WL 1807717, at *2 (2d Cir. Feb. 8, 2023) (internal quotation marks omitted).  Accordingly, Plaintiff is a foreign citizen for diversity purposes, not a citizen of Florida.  *Dorilton Cap. Mgmt. LLC v. Stilus LLC*, No. 1:23-CV-03789 (JLR), 2023 WL 3956180, at *1 (S.D.N.Y. May 15, 2023) ("[E]ven if a plaintiff is a permanent resident and domiciliary of a State, such as Florida, the plaintiff is considered a citizen of a foreign state for purposes of diversity jurisdiction if the plaintiff is a citizen or subject of a foreign state.")  Defendant is also a citizen of Venezuela.  (Doc. 1 ¶ 9.)  "[T]he presence of aliens on two sides of a case destroys diversity jurisdiction."  *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980).  Therefore, I do not have diversity jurisdiction over this matter.

Despite the lack of diversity jurisdiction, subject matter jurisdiction still exists because "this Court specifically retained jurisdiction over the Mediated Settlement Agreement and Mutual Releases in Case No. 18-CV-606-RA."  (Doc. 20 at 2.)  Courts may retain jurisdiction to enforce the terms of a settlement agreement. *See Dannhauser v. TSG Reporting, Inc.*, No. 16-CV-747 (CM) (DF), 2019 WL 2950142, at *7 (S.D.N.Y. June 21, 2019) (finding that court retained jurisdiction where it so ordered a stipulation of dismissal stating that it "would retain[ ]

6

jurisdiction for the purposes of enforcing the [agreement].")

When the parties executed the Settlement Agreement, they also included a mutual release. (See Doc. 1-2.) Defendant asserts that this mutual release "by definition, did not release or bar then-future claims." (Doc. 21 at 3.) This is incorrect. Defendant signed the Settlement Agreement which clearly states that he released Plaintiff from all lawsuits which he has or may have in the future "for, upon, or by reason of any matter, cause, or thing whatsoever" taking place before he signed the Settlement Agreement. (Doc. 1-2 at 6.) Pursuant to the Settlement Agreement, Defendant broadly released Plaintiff from future claims if they are "for, upon, or by reason of any matter, cause, or thing whatsoever," (*id.*), existing prior to February 21, 2019, *see Kumaran v. Northland Energy Trading, LLC*, No. 119CV8345MKVDCF, 2021 WL 797113, at *9 (S.D.N.Y. Feb. 26, 2021) (dismissing claims that fell within the parties' broad release of claims). Therefore, this Court may have subject matter jurisdiction over this matter as long as the causes of action relate to the Settlement Agreement and depending upon when the causes of action for the Venezuelan Lawsuits arose.

### B. *Personal Jurisdiction*

The parties agreed that any suit to enforce the Settlement Agreement would be brought in the United States District Court for the Southern District of New York. (Doc. 1-2 at 2.) As Defendant admits, I have personal jurisdiction over him for actions pursuant to the enforcement of the Settlement Agreement. (Doc. 21 at 5.)

### C. *Failure to State a Claim*

Defendant's final argument is that Plaintiff has failed to state a claim. (Doc. 19 at 1.) In the Complaint, Plaintiff seeks:

> (a) A declaratory judgment that Defendant is barred from bringing claims against Plaintiff's real property, tangible property, or any matter between the two that is

7

not directly related to their minor children.

(b) A declaratory judgment that any pending claim between the two parties that does not involve their minor children be immediately dismissed with prejudice.

(c) A declaratory judgment declaring null and void any award arising from any lawsuit filed "from the beginning of the world" and in perpetuity, as related to disputes between the Parties and regarding any issue other than their minor children.

(d) A declaratory judgment that requires the immediate return of any property, real or tangible, improperly taken from Ms. Montaño as it relates to the improper actions of and repeated violations of the Agreement by Mr. Herrera.

(e) An award of reasonable attorneys' fees and costs.

(f) Such other and further relief as this Court deems just and proper.

(Doc. 1 at 7.) Plaintiff's Complaint cannot survive because declaratory judgment is a form of relief, not "an independent cause of action." *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993). Plaintiff does not plead any underlying substantive cause of action for which she could pursue this form of relief. Even if Plaintiff intended that the cause of action would be breach of contract based on the underlying Settlement Agreement, Plaintiff fails to plead the elements of a breach of contract or provide any substantive details related to the Venezuelan Lawsuits. Therefore, it impossible to determine whether the Venezuelan Lawsuits violate the terms of the Settlement Agreement.

      Although Plaintiff has failed to state a claim, pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend should be freely granted "when justice so requires." It is possible that Plaintiff could allege facts that cure the defects in the Complaint; therefore, I dismiss Plaintiff's claims without prejudice, and with leave to amend.

## V. <u>**Conclusion**</u>

For the reasons stated above, Defendant's motion to dismiss is GRANTED. Plaintiff is granted leave to file an amended complaint no later than 30 days from the date of this Opinion & Order. Plaintiff is warned that if they fail to file an amended complaint within 30 days from the date of this Opinion & Order or request an extension based on good cause, I will enter judgment and the case will be closed. Defendant shall answer or otherwise respond to the amended complaint within twenty-one days from the date that it is filed.

SO ORDERED.

Dated: August 25, 2023
      New York, New York

                                             Vernon S. Broderick
                                             United States District Judge