UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                        :

ZELHIDETH MONTANO LINARES,      :
                                          :

                    Plaintiff,   :

                                          :          22-CV-7272 (VSB)

        - against -          :

                                          :      **OPINION & ORDER**

                                          :

JOSE LUIS HERRERA VIRGUEZ.      :

                                          :

                  Defendant.  :

                                          :

--------------------------------------------------------X

Appearances:

Jennifer Lynn Harrington
Sean Martin Holas
Ross Pitcoff Law
New York, NY
*Counsel for Plaintiff*

Dennis Grossman
Law Office of Dennis Grossman
Great Neck, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       Currently before me is the motion of Defendant Jose Luis Herrera Virguez ("Defendant"

or "Herrera") to dismiss Plaintiff Zelhideth Montano Linares's ("Plaintiff" or "Linares")

Amended Complaint for Declaratory Judgment ("Amended Complaint" or "Am. Compl.").

(Doc. 29.)  Because the amended complaint does not state a claim upon which relief may be

granted, Defendant's motion to dismiss is GRANTED; however, Plaintiff is granted one final

opportunity to amend her complaint to address the deficiencies identified below.

## I.    Factual and Procedural Background[1]

I previously issued an Opinion & Order on August 25, 2023 granting Defendant's motion to dismiss for failure to state a claim and granting Plaintiff leave to file her amended complaint, (Doc. 22, ("Aug. Op.")), which Plaintiff filed on September 24, 2023, (Doc. 23).  On October 23, 2023, Defendant filed the instant motion to dismiss, (Doc. 29), and accompanying memorandum of law, (Doc. 30).  After requesting an extension of time to file her opposition, (Doc. 31), which I granted, (Doc. 32), Plaintiff filed her opposition on December 18, 2023, (Doc. 33).  Defendant then filed his reply on January 8, 2024.  (Doc. 34.)

As an initial matter, although Defendant devotes much of his motion to attacking the alleged jurisdictional deficiencies of the Amended Complaint, these arguments are futile.  As I have already addressed and explained in my August Opinion, I have subject matter jurisdiction over this matter because "this Court specifically retained jurisdiction over the Mediated Settlement Agreement and Mutual Releases in Case No. 18-CV-606-RA," and that "as long as the causes of action relate to the Settlement Agreement and depending upon when the causes of action for the Venezuelan Lawsuits arose," subject matter jurisdiction exists.  (Aug. Op. 6–7.)  In addition, I explained that because the parties agreed that any suit to enforce the Settlement Agreement would be brought in this district, I have personal jurisdiction over him for actions pursuant to the enforcement of the Settlement Agreement.  (*Id*. at 7.)  I see no reason to revisit my jurisdictional decisions here.  Therefore, I consider only Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] For the purposes of this motion, I assume familiarity with the background of this case as described in my Prior Opinion.  Therefore, I describe only the history relevant to the instant motion.

## II.    <u>Legal Standard</u>

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This standard demands "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor.  *See, e.g.*, *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Id*.  A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (internal quotation marks omitted).

## III.    <u>Discussion</u>

Although Plaintiff's Amended Complaint adds detail regarding the substantive details related to the Venezuelan lawsuits, (*see* Am. Compl. ¶¶ 10–42), Plaintiff failed to cure certain material defects in the original complaint.  Indeed, even putting aside Defendant's jurisdictional argument that the Amended Complaint's additional specificity fails to sufficiently establish that

3

the Venezuelan lawsuits that Plaintiff alleges violate the terms of the parties' Settlement

Agreement[2]  Plaintiff has not corrected the fundamental error on which I based my prior

decision—Plaintiff still has not identified an underlying substantive cause of action for which

she could pursue the declaratory relief she seeks.  (Aug. Op. 7–8 ("Plaintiff's Complaint cannot

survive because declaratory judgment is a form of relief, not 'an independent cause of action.'"

(quoting *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993))).)  My ruling

clearly called for Plaintiff to assert a cause of action.  However, I will grant Plaintiff one

additional opportunity to file a second amended complaint to rectify the deficiencies identified

herein pursuant to Fed. R. Civ. P. 15(a)(2).  Accordingly, Plaintiff's claims are therefore

dismissed without prejudice and with leave to amend.   If Plaintiff fails to identify an underlying

substantive cause of action and plead sufficient allegations supporting such claim, I will deny

Plaintiff further leave to amend and will dismiss this action with prejudice for failure to state a

claim.  *See Mays v. McIntosh*, No. 21-CV-6481, 2021 WL 6260373, at *1 (S.D.N.Y. Dec. 29,

2021) (citing *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)) (explaining that

"leave to amend may be denied if [the plaintiff] has already been given an opportunity to amend

but has failed to cure the [complaint's] deficiencies").

## IV.    Conclusion

For the reasons stated above, Defendant's motion to dismiss is GRANTED.  Plaintiff is

granted leave to file a second amended complaint no later than 30 days from the date of this

Opinion & Order.  Plaintiff is warned that if she fails to file a second amended complaint within

30 days from the date of this Opinion & Order or request an extension based on good cause, I

---

[2] I note that although Plaintiff adds additional detail regarding the underlying Venezuelan lawsuits, even if Plaintiff were to assert a cause of action, including for breach of contract, the Amended Complaint does not state with sufficient specificity how Defendant's actions in bringing these lawsuits violated the parties' Settlement Agreement, let alone to state a claim for breach of contract.

will enter judgment and the case will be closed.  Defendant shall answer or otherwise respond to

the second amended complaint within twenty-one days from the date that it is filed.

SO ORDERED.

Dated: July 17, 2024
     New York, New York

Vernon S. Broderick
United States District Judge